Oscar MILLER *v.* Mrs. Joe TEST, Adm 'x

5-4391                                      421 S. W. 2d 345

Opinion delivered December 11, 1967

*Davis & Mills* and *G. Leroy Blankenship,* for appellant.

*John W. Murphy,* for appellee.

PAUL WARD, Justice. This opinion pertains to Pawn Shop loans. Oscar Miller (appellant), on three separate occasions, procured a small loan from Ed Test, d/b/a Ed's Pawn Loans, and each time turned over to Test personal property as security. Appellant brought this action in circuit court to have the loans declared null and void because of usury. Test died after the trial and the action has been revived against his wife as administratrix (appellee here). There is no dispute as to the material facts.

On January 4, 1965 appellant borrowed $10 and left with Test a pair of binoculars as security. The loan was due February 4, 1965 when appellant was to pay $11 and redeem the binoculars. At the time the loan was made Test gave appellant a Ticket No. 169 describing the security, setting out the dates, and stating that he would not be responsible for "LOSS of any article left in pawn". The Ticket also stated: "Merchandise held for 30 days". It was signed: "Ed's Pawn Loans". The other two transactions here involved were handled in exactly the same way. One was for $8, secured by a set of tools, redeemable in one month for $8.80, and the other one was for $10, secured by a transister radio, redeemable in one month for $11.

In defense of the usury charge Test stated: My usual procedure is to hold all merchandise which is given to me as security for a period of at least 3 days after the 30 days has elapsed, and then sell the property if the loan is not paid. My profit is obtained from selling merchandise left with me by borrowers. On a ten dollar loan, I have a handling and storage charge of one dollar. I do not buy insurance as it is too high but am self insured. The charge of 10% per month on loans does not result in a profit to me because those amounts are used to pay the expenses of storing the merchandise, making bookkeeping entries, and insurance on the property. In order to recover his property, a customer must repay the amount of the loan plus 10% for each month or part

of a month which has elapsed since the loan was made, otherwise, the property is sold. This 10% is not a charge for loaning the money, but is a charge for storage, paper work, and insurance.

The case was tried before the Judge, sitting as a jury, who held the loans were not usurious and dismissed appellant's complaint. The reason given for the holding was that the "charges" were made for storage, insurance, and bookkeeping.

Although the amounts here charged are small and appear to be justifiable, we are unable to say they do not constitute usury when considered in the light of numerous decisions of this Court.

In *Strickler v. State Auto Finance Co.*, 220 Ark. 565 (p. 574), 249 S. W. 2d 307, we cited *Joy v. Provident Loan Society* (Tex. Civ. App.) 37 S. W. 2d 254, and stated:

> ". . . a pawnbroker's charge represented the lender's *pro rata* cost of doing business, but was labeled 'storage charge'. In holding the charge to be usurious, the court said: 'We are unable to construe the evidence as intending the charges so made to be charges solely and only for special services in the storing of the property pledged' "

In the recent case of *Sosebee v. Boswell*, 242 Ark. 396 (p. 400), 414 S. W. 2d 380, it was stated:

> "Secondly, the moneylender cannot impose upon the borrower charges that in fact constitute the lender's overhead expenses or costs of doing business. Such outlays are fundamentally for the lender's benefit and cannot, by whatever device, be shouldered off upon the borrower. On this point our recent decisions are unequivocal. *Strickler v. State Auto Finance Co.*, 220 Ark. 565, 249 S. W. 2d

307 (1952); *Winston* v. *Personal Finance Co.,* 220 Ark. 580, 249 S. W. 2d 315 (1952)."

In 70 C.J.S. Pawnbrokers, § 5, page 191, there appears this statement:

"The maximum statutory rate cannot be enlarged by adding, as a subterfuge, store charges for the keeping of the property pawned."

In the case here under consideration it is undisputed that Test charged in excess of 10% interest and that the excess was used to defray overhead expenses of doing business. Consequently the loans were usurious and void. That being true appellant is entitled to recover the items delivered to Test or, if disposed of, the market value thereof.

It follows, therefore, that the case is reversed as to the question of usury and remanded for further proceedings consistent with this opinion.